**SO ORDERED: December 01, 2008.**



**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NOAH DAVID STELLA, | ) | Case No. 07-08434-JKC-7 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| MIROFF, CROSS & WOOLSEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 07-50637 |
| | ) | |
| NOAH DAVID STELLA, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDING OF FACTS AND CONCLUSIONS OF LAW ON**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter comes before the Court on Plaintiff Miroff, Cross & Woolsey's ("Plaintiff")

Motion for Summary Judgment on its Complaint against Defendant/Debtor Noah David Stella

("Debtor"). Having reviewed the parties' submissions, the Court issues the following Findings of

Fact and Conclusions of Laws.

**Findings of Fact**

1.      Debtor was previously married to Jillinda Stella.  The couple have two children.  As part of the couple's divorce proceedings in Washington State, the court issued a Parenting Plan covering such topics as counseling for the children, visitation and custody, conflict resolution, and healthcare.

2.      On July 29, 2005, Debtor filed a Motion for Contempt against his ex-wife in Hamilton Superior Court.  He subsequently filed a Petition for Modification of Child Support, another Motion for Contempt and a Motion for Contempt of Support Order.  His ex-wife answered with her own Verified Petition for Contempt and Motion for Attorney Fees.

3.      On April 19, 2006, Hamilton Superior Court ruled on these motions (the "State Court Order") and found that both parties were in contempt of the Parenting Plan.  The court took particular issue with the parties' failure to cooperate and communicate with one another, noting that they had "exercised extreme selfishness regarding parenting issues and the upbringing of their two children" and had "gone out of their way to be right more than seeking the best interests of the children."

4.      In addition, the court addressed issues concerning "parenting time" and "make-up [parenting] time," dental care for the children, and counseling for the parties to assist them in their parenting and communication skills.  The court also reduced Debtor's child support obligation and ordered his ex-wife to pay for certain uninsured healthcare expenses for the children.

5.      Per the State Court Order, Debtor was obligated to pay $10,821.75 of his ex-wife's attorney fees as "sanctions for his contemptuous conduct and for the numerous pleadings filed with the court not resulting in a finding of contempt . . . ."  Debtor was ordered to pay such amount

directly to Plaintiff within 270 days of the State Court Order. After such time, a judgment for the remaining balance would be entered in Plaintiff's favor.

6.     Debtor failed to pay the attorney fees, in whole or in part, and a judgment in Plaintiff's favor was entered on March 19, 2007.

7.     On August 21, 2007, Debtor filed a Chapter 7 petition, wherein he scheduled his indebtedness to Plaintiff as an unsecured debt.

8.     On December 10, 2007, Plaintiff filed a Complaint against Debtor pursuant to 11 U.S.C. § 523(a)(5) seeking to except that debt from discharge.

9.     On September 15, 2008, Plaintiff filed a motion for summary judgment, arguing that it was entitled to judgment as a matter of law pursuant to § 523(a)(5).

## Conclusions of Law

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

2.     Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate that there is an absence of evidence to support the nonmoving party's case. *Id.* at 325, 106 S.Ct. at 2554. After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the nonmovant to "go beyond the pleadings" to cite

evidence of a genuine factual dispute precluding summary judgment. *Id.* at 324, 106 S.Ct. at 2553.

If the non-movant does not come forward with evidence that would reasonably permit the finder of

fact to find in its favor on a material question, then the court must enter summary judgment against

it. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986)).

    3.    Under Section 523(a)(5) of the Code, debts related to "domestic support obligations"

are excepted from discharge. Pursuant to 11 U.S.C. § 101(14A), the term "domestic support

obligations" means debt owed to or recoverable by:

> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
> (ii) a governmental unit;
> (B) in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent without regard to whether such debt is expressly so designated;
> (C) established or subject to establishment before, on, or after the date of the order for relief under this title, by reasons of applicable provisions of–
> (i) a separation agreement, divorce decree, or property settlement agreement;
> (ii) an order of a court of record; or
> (iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and
> (D) not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by a spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

    4.    Whether a debt is in the nature of child support is a question of federal bankruptcy,

not state, law, although reference to the well-established laws of the state is prudent. *In re Calhoun*,

715 F.2d 1103, 1107 (6th Cir.1983). "[D]ischargability must be determined by the substance of the

liability rather than its form." *In re Spong*, 661 F.2d 6, 9 (2d Cir.1981). The labeling of a debt as

child support is not dispositive of the issue of whether the debt is dischargeable. *See In re Ridgway*,

108 B.R. 154, 156 (Bankr.N.D.Ohio 1989); *Maitlen v. Maitlen (In re Maitlen)*, 658 F.2d 466, 468

(7th Cir. 1981).

5.        In his response to Plaintiff's summary judgment motion, Debtor argues that the debt is not excepted from discharge pursuant to § 523(a)(5) because it is not owed to "a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative."  The Court disagrees.

6.        Case law clearly establishes that debts in the nature of support need not be payable directly to one of the parties listed in § 523(a)(5) in order to be nondischargeable.  *See In re Spong*, 661 F.2d 6, 10-11; *In re Peters,* 124 B.R. 433, 435 (Bankr.S.D.N.Y.1991) (citing cases). (Bankr.N.D.Ill.2000) (citing cases).  Thus, the fact that the subject debt is owed to Plaintiff and not to Debtor's ex-wife or children is of no moment.[1]

7.        Debtor also argues that his debt to Plaintiff is not in the nature of support.  Rather, he maintains that he was ordered to pay such fees as punishment for his contemptuous conduct and for filing contempt motions against his ex-wife that were without merit.  Again, the Court disagrees.

8.         The term "support," as used in § 523(a)(5), is broadly construed in bankruptcy law. "It is generally accepted that fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are inextricably intertwined with proceedings affecting the welfare of a child." *In re Peters*, 133 B.R. 291, 295 (S.D.N.Y.1991) (citations omitted); *see also Wedgle & Shipall, P.C. v. Ray (In re Ray)*, 143 B.R. 937, 941 (D.Co.1992) (fee incurred in contempt proceeding concerning visitation rights held nondischargeable); *Dellapa v. Vazquez (In re Vazquez),* 92 B.R. 533, 535 (S.D.Fla.1988) (fees awarded in litigation over visitation, custody, contempt and

---

[1] The changes made to the Bankruptcy Code by the Bankruptcy Abuse and Consumer Protection Act of 2005 do not alter the Court's conclusion.

child support nondischargeable); *Hayden v. Farrell (In re Farrell),* 133 B.R. 145, 147-48 (Bankr.S.D.Ind.1991) (holding nondischargeable fees imposed in part to punish debtor for disobeying court order in proceeding to compel return of child); *Holtz v. Poe (In re Poe),* 118 B.R. 809, 812 (Bankr.N.D.Okl.1990) (fees incurred in child custody litigation exempt from discharge); *York v. Castro (In re Castro),* 74 B.R. 38, 39-40 (Bankr.M.D.Fla.1987) (attorney fees and litigation expenses relating to debtor's abduction of child and denial of visitation rights held nondischargeable); *Hicks v. Hicks (In re Hicks),* 65 B.R. 227, 229 (Bankr.D.N.M.1986) (denying discharge of debt for fees awarded in dispute to recover child from debtor who violated custody order); *Rose v. Gedeon (In re Gedeon),* 31 B.R. 942, 945 (Bankr.D.Colo.1983) (former wife's fees in pursuing custody considered support). *But see Adams v. Zentz*, 963 F.2d 197 (8th Cir.1992) (attorney fees awarded in custody dispute are not in the nature of support and are, therefore, dischargeable); *In re Aughenbaugh*, 119 B.R. 861 (Bankr.M.D.Fla.1990) (attorneys' fees rendered in connection with litigation concerning child visitation rights and discovery disputes are not in the nature of support);

9.    As explained in *Peters*, the "support of a child does not just rest upon daily sustenance. . . . Indeed, it is in the child's best interests to have custody matters fully and fairly litigated. Insuring this is done is part of the parents' duty to support the child." *Peters*, 133 B.R. at 296 (citing *Hicks*, 65 B.R. at 229).

10.    Here, the various motions that were brought before the Hamilton Superior Court all relate, in one way or another, to the parties' obligations under, and compliance with, the Parenting Order that had been entered in their divorce proceeding. In ruling on those motions, the Hamilton Superior Court emphasized the parties' refusal to cooperate with the terms of the Parenting Order

in derogation of their parental responsibilities, their apparent refusal to "discuss and decide matters

on behalf of the children with civility and grace," and the manner in which they had exercised, or

allowed the other party to exercise,  visitation rights.  Clearly, the court had the children's best

interests and welfare in mind in ruling on the parties' motions.  In the Court's opinion, these issues

certainly relate to and affect the parties' support of their children.

       11.     Accordingly, the Court finds that Debtor's obligation to Plaintiffs is in the nature of

child support and is, therefore, excepted from discharge as matter of law.

       12.     A Judgment Order consistent with these Findings of Fact and Conclusions of Law

contemporaneously herewith.

###

Distribution:

Debtor
Andrew W. Bloch
UST